# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. |
| ) | |
| NOOTER, LLC f/k/a NOOTER ) | JURY DEMAND |
| CORPORATION and NOOTER ) | |
| CONSTRUCTION COMPANY, LLC f/k/a ) | |
| NOOTER CONSTRUCTION COMPANY, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Evanston Insurance Company ("Evanston"), by and through its undersigned counsel, for its Complaint for Declaratory Judgment against Defendants Nooter, LLC f/k/a Nooter Corporation and Nooter Construction Company, LLC f/k/a Nooter Construction Company (collectively, "Nooter Corp."), states as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 *et seq.* and Fed. R. Civ. Pro. 57, seeking a determination as to the rights and obligations of the parties under certain insurance policies issued by Evanston.

2. Evanston seeks a declaration that it no longer has an obligation to indemnify or defend the Defendants in various underlying asbestos bodily injury lawsuits filed against them throughout the United States.

### PARTIES

3. Plaintiff Evanston Insurance Company is an Illinois company with its principal place of business in Rosemont, Illinois. At all relevant times, Evanston was an eligible surplus lines insurer authorized to import policies into the State of Missouri through Missouri licensed surplus lines brokers.

4. Upon information and belief, Defendant Nooter, LLC f/k/a Nooter Corporation is a limited liability company organized and existing under the laws of Missouri with a principal place of business in St. Louis, Missouri.

5. Upon information and belief, Nooter Construction Company, LLC f/k/a Nooter Construction Company is a limited liability company organized and existing under the laws of Missouri with a principal place of business in St. Louis, Missouri.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Nooter Corp. resides in this District and a substantial part of the events or omissions giving rise to Nooter Corp.'s claim for coverage occurred in this District.

## THE EVANSTON POLICIES

8. Evanston issued the following four relevant commercial umbrella liability policies to Nooter Corp. (collectively referred to as the "Evanston Policies"):

   a. Policy number UM 100176 for the period of July 1, 1981 to July 1, 1982 with a limit of liability of $25 million per occurrence and in the aggregate, where applicable, excess of $1 million and retained limit of $25,000;

    b. Policy number UM 100296 for the period of July 1, 1982 to July 1, 1983 with a limit of liability of $25 million per occurrence and in the aggregate, where applicable, excess of $1 million and retained limit of $25,000;

    c. Policy number CN 503824 for the period of July 1, 1983 to July 1, 1984 with a limit of liability of $5 million per occurrence and in the aggregate, where applicable, excess of $1 million and retained limit of $25,000; and

    d. Policy number CN 504032 for the period of July 1, 1984 to July 1, 1985, with a limit of liability of $5 million per occurrence and in the aggregate, where applicable, excess of $1 million and retained limit of $25,000.

9. The Evanston Policies each contain the following Defense, Settlement Provision:

**The Coverage**

*\*\*\**

**2. Defense, Settlement**[1]

    (a) The Company shall defend any suit seeking damages which are not payable on behalf of the Insured under the terms of any policy of underlying insurance (1) because such damages are not covered thereunder, or (2) because of exhaustion of an underlying aggregate limit of liability by payment of claims, but which are payable under the terms of this policy (including damages wholly or partly within the amount of the retained limit), even if any of the allegations of the suit are groundless, false or fraudulent;

        (i) the Company shall not be obligated to defend any suit after the Company's limit of liability has been tendered to the Insured or exhausted by payment of judgments or settlements;

---

[1] The Defense, Settlement Provision is found in "The Coverage," Section 3. of Evanston Policy Nos. CN 503824 and CN 504032.

    (ii)    the Company may make such investigation and settlement of any claim or suit as it deems expedient, including payment on behalf of the Insured of the amount of the retained limit.  The Insured shall reimburse the Company within ten (10) days for any such payment of ultimate net loss within the amount of the retained limit.

(b)    If the Company is prevented by law or otherwise from defending the Insured, the Company will reimburse the Insured for defense costs and expenses incurred with its written consent.

(c)    With respect to any suit defended by the Company, it will pay in addition to the amount of ultimate net loss:

    (i)    all expenses incurred by the Company and reasonable expenses incurred by the Insured at the Company's request, excluding loss of wages, salary or earnings;

    (ii)    all costs taxed against the Insured in any such suit and interest on the entire amount of any judgment therein which accrues after the entry of judgment and before the Company has paid or tendered or deposited in court that part of the judgment which does not exceed the amount of the Company's liability thereon;

    (iii)    premiums on appeal bonds required in any such suit and premium on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, but the Company shall have no obligation to apply for or furnish such bonds.

\* \* \*

## EVANSTON'S DEFENSE OF THE UNDERLYING ACTIONS

10.    Upon information and belief, Nooter Corp. has been in the business of designing, installing and distributing pressure vessels for refineries and chemical plants for over 100 years.

11. Upon information and belief, since the late 1990's, claimants have been filing lawsuits against Nooter Corp. throughout the United States, including in the St. Louis County Circuit Court, alleging bodily injury caused by exposure to a Nooter Corp. asbestos-containing product or Nooter Corp. operation (the "Underlying Actions").

12. By letter dated July 31, 2014, Nooter Corp. began tendering, and continues to tender, the Underlying Actions to Evanston for defense and indemnity under Evanston Policy No. UM100176.

13. Evanston has since been reimbursing Nooter Corp. for amounts incurred in the defense and settlement of the Underlying Actions under each of the Evanston Policies without a reservation of right to later disclaim coverage.

14. Evanston has exhausted the aggregate limits of liability under Policy CN 503824 for the period of July 1, 1983 to July 1, 1984, and Policy CN 504032 for the period of July 1, 1984 to July 1, 1985, by the payment of settlements of Underlying Actions involving Nooter Corp.

15. The available limits of liability of Evanston Policy UM 100176 for the period of July 1, 1981 to July 1, 1982, and Policy UM 100296 for the period of July 1, 1982 to July 1, 1983, have been impaired by the payment of settlements of the Underlying Actions.

16. As of December 29, 2022, the available limits of liability available under Evanston Policy UM 100176 were $13,939,855.36. On December 29, 2022, Evanston tendered the full amount of the remaining available limits under Evanston Policy UM 1000176 to Nooter Corp.

17. As of December 29, 2022, the available limits of liability available under Evanston Policy UM 100296 were $14,025,669.60. On December 29, 2022, Evanston tendered the full amount of the remaining available limits under Evanston Policy UM 1000296 to Nooter Corp.

## COUNT I
## DECLARATORY JUDGMENT
### (Exhaustion of Evanston Policies CN 503824 and CN 504032)

18. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 17 as if fully set forth herein at length.

19. The aggregate limit of Policy CN 503824 was $5 million.

20. Evanston paid the full $5 million to Nooter Corp. representing the payment of various underlying settlements entered into by Nooter Corp.

21. The aggregate limit of Policy CN 504032 was $5 million.

22. Evanston paid the full $5 million to Nooter Corp. representing the payment of various underlying settlements entered into by Nooter Corp.

23. Under the unambiguous terms of Evanston Policies CN 503824 and CN 504032, Evanston has no obligation to pay any further costs or expenses incurred by Nooter Corp. in defense of any Underlying Action due to the exhaustion of the full limit of liability under those policies.

## COUNT II
## DECLARATORY JUDGMENT
### (Termination of Defense and Indemnity Reimbursement Under Evanston Policies UM 100176 and UM 100296)

24. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 23 as if fully set forth herein at length.

25. By tendering the remining available limits of liability under Evanston Policies UM 100176 and UM 100296, Evanston no longer has an obligation to indemnify Nooter Corp., or pay any costs or expenses it has, or may, incur in connection with the Underlying Actions.

**WHEREFORE,** Plaintiff Evanston Insurance Company, prays that this Honorable Court enter an Order granting the following relief:

1. Declaring the respective rights and obligations of the parties under the Evanston Policies;

2. Declaring that under the unambiguous terms of Evanston Policies CN 503824 and CN 504032, Evanston has no obligation to indemnify Nooter Corp., or pay any further costs or expenses it has, or may incur in connection with the Underlying Actions; and

3. Declaring that by tendering the remining available limits of liability under Evanston Policies UM 100176 and UM 100296, Evanston no longer has an obligation to indemnify Nooter Corp., or pay any costs or expenses it has, or may incur in connection the Underlying Actions; and

4. Awarding any and all other relief that this Court deems fair and just.

Dated:  January 6, 2023

                Respectfully submitted:

                Kennedys CMK LLP

                /s/:  John D. LaBarbera

                    John D. LaBarbera
                    Bevin A. Carroll
                    Kennedys CMK LLP
                    30 South Wacker Drive
                    Suite 3650
                    Chicago, Illinois 60606
                    (312) 800-5000

                    john.labarbera@kennedyslaw.com
                    bevin.carroll@kennedyslaw.com

              *Counsel for Plaintiff Evanston Insurance Company*